Steven L. Bryson, Esq.
LAW OFFICE OF STEVEN L. BRYSON
11377 W. Olympic Blvd., Ste. 500
Los Angeles, CA 90064
(310) 477-4555 – phone
(310) 473-4556 – fax
office@stevebryson.com
Bar #86014
Attorney for Debtor Charles Frederick Biehl



FILED & ENTERED

JAN 16 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cargill    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

Charles Frederick Biehl,

           Debtor

Case No.: 6:13-bk-26277-MH
Chapter 7

ORDER DENYING TRUSTEE'S MOTION FOR ORDER REVOKING ABANDONMENT OF REAL PROPERTY (6 DOVER COURT, RANCHO MIRAGE, CA 92270)

Date: January 3, 2018
Time: 11:00 a.m.
Place: Crtrm. 303

THE ABOVE-CAPTIONED MATTER came on for hearing at the time and place referenced above. Brandon J. Iskander of Shulman Hodges & Bastian LLP appeared on behalf of John P. Pringle, Chapter 7 trustee, moving party. Steven L. Bryson appeared on behalf of the debtor and responding party, Charles Frederick Biehl.

THE COURT, having reviewed the Motion of the Trustee, the Response of the debtor, and the Reply of the Trustee, and having entertained oral argument concerning the matter, and good cause appearing therefore, hereby rules as follows:

IT IS HEREBY ORDERED that the Trustee's Motion for Order Revoking Abandonment of Real Property (6 Dover Ct., Rancho Mirage, CA 92270) be, and hereby is, DENIED. This DENIAL is based on the Findings of Fact and Conclusions of Law set forth in the Court's Tentative Ruling attached hereto, and as supplemented on the record by the Court.

###

Date: January 16, 2018

Mark Houle
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
Riverside
**Judge Mark Houle, Presiding**
**Courtroom 303 Calendar**

Wednesday, January 03, 2018                                                                                     Hearing Room    303

11:00 AM
**6:13-26277**    **Charles Frederick Biehl**                                                                             **Chapter 7**

#3.00    Chapter 7 Trustees Motion for Order Revoking Abandonment of Real Property of the Estate

EH__

                        Docket    222

**Tentative Ruling:**

**1/3/18**

**BACKGROUND**

On September 30, 2013, Charles Biehl ("Debtor") filed a Chapter 7 voluntary petition. Among the assets disclosed in the petition was certain real property located at 6 Dover Ct., Rancho Mirage, CA 92270 (the "Property"). Debtor valued the Property at $1,050,000, identified liens on the Property in the amount of $851,226, and claimed an exemption in the Property in the amount of $75,000. Trustee however, asserts that his Broker Price Opinion valued the Property at $875,000, and additionally asserts that a preliminary title report reveals secured debt affecting the Property in the total amount of $1,326,889.79.

On August 5, 2016, JP Morgan Chase Bank ("Creditor") filed a motion for relief from the automatic stay. Debtor filed his opposition on September 6, 2016. On January 12, 2017, Creditor and Debtor entered into a stipulation providing Creditor relief from the automatic stay effective February 25, 2017.

Shortly after Creditor filed its motion for relief from the automatic stay, Trustee filed a notice of proposed abandonment of the Property. No opposition was received by the Court, and, as a result, the Property was deemed abandoned pursuant to Local Rule

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, January 03, 2018																					Hearing Room			303

11:00 AM
**CONT...**		**Charles Frederick Biehl**																					**Chapter 7**
6007-(1)(d).

Trustee states that he currently has an offer to purchase the Property, subject to all liens, by Marta Rudat, the stepmother of Nicole Rudat,[1] for $145,000. Trustee estimates that such a sale would net $64,100 in proceeds for the estate. Trustee requests revocation of his abandonment of the Property. On December 19, 2017, Debtor filed his opposition to the request. On December 27, 2017, Trustee filed a reply.

**DISCUSSION**

Trustee argues that revocation of the abandonment of the Property is appropriate under Fed. R. Civ. P. Rule 60(b)(1)-(2), (6), incorporated into bankruptcy proceedings by Fed. R. Bankr. P. Rule 9024. Debtor argues that: (1) revocation of an abandonment of property is inappropriate in general; (2) that Trustee is time-barred from relying on Fed. R. Civ. P. Rule 60(b)(1)-(2); and (3) that Fed. R. Civ. P. Rule 60(b)(6) is inappropriate in this circumstance.

As a preliminary matter, the Court notes that Debtor is clearly correct in his argument that Trustee is time-barred from relying on Fed. R. Civ. P. Rule 60(b)(1)-(2). Fed. R. Civ. P. Rule 60(c) provides that motions under Fed. R. Civ. P. Rule 60(b)(1)-(3) must be made within one year. Here, Trustee's motion was filed well more than one year after the abandonment of the Property. It would appear that Trustee concedes that point as Trustee's reply contains no further argument regarding Fed. R. Civ. P. Rule 60(b)(1)-(2).

11 U.S.C. § 554, Fed. R. Bankr. P. Rule 6007 and Local Rule 6007 govern abandonment of property. None of the provisions, however, mention revocation of the abandonment of property, and there is no clearly defined process to secure a revocation of abandonment of property.

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding.
Courtroom 303 Calendar

Wednesday, January 03, 2018                                       Hearing Room    303

11:00 AM
CONT...      **Charles Frederick Biehl**                                         **Chapter 7**

Trustee has acknowledged that "[g]enerally, abandonment of an asset is irrevocable" but asserts that "it may be revoked when appropriate circumstances exist." The Court agrees. While not cited by either party, the Ninth Circuit has previously stated that: "[r]evocation of abandonment is appropriate, however, where the trustee is given incomplete or false information of the asset by the debtor, thereby foregoing a proper investigation of the asset." *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001) (quotation omitted). The Ninth Circuit's position in *Cusano* would seem to foreclose the argument that revocation of abandonment of property can never be effectuated.

Nevertheless, it remains unclear when, and in what circumstances, revocation of an abandonment of property is appropriate. *See generally* Ginsberg & Martin on Bankruptcy § 5.06[B][2] (5th ed. 2017) (collecting cases). Trustee has identified three circumstances in which he believes revocation to be appropriate: (1) false or incomplete information provided by a debtor (as noted by *Cusano, supra*); (2) an unscheduled asset; and (3) when abandonment occurs as a result of mistake or inadvertence and revocation will not cause undue prejudice.

Assuming, *arguendo*, that Trustee's position is correct, the Court does not believe that the any of the enumerated circumstances exist here. *But see In re Am. Remanufacturers, Inc.*, 439 B.R. 633, 636 (Bankr. D. Del. 2010) (quoting *Woods v. Kenan*, 173 F.3d 770, 778 (10th Cir. 1999) (standard for revocation of express abandonment is higher than standard for revocation of technical abandonment). First, while Trustee has asserted that Debtor testified inconsistently regarding the Property, the simple fact is that Debtor appears to have originally *overestimated* the estate's interest in the Property on his schedules. As outlined in Trustee's motion, after further investigation the Trustee concluded that the Property was worth less, and that the liens on the property were substantially greater, than indicated by Debtor. Therefore, to the extent that Debtor did provide any false or incomplete information to Trustee, such information certainly did not impede a proper investigation of the asset. Additionally, it is undisputed that the Property was scheduled.

In the motion, Trustee seems to entirely rely on the fact that abandonment was a "mistake" and that it would be equitable to revoke abandonment. First of all, the Court

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, January 03, 2018                            Hearing Room    303

11:00 AM
**CONT...**     **Charles Frederick Biehl**                                             **Chapter 7**

notes that "mistake" as a grounds for relief is tied to Fed. R. Civ. P. Rule 60(b)(1) and, as noted earlier, the Trustee is time-barred from moving under Rule 60(b)(1). *See In re Sas*, 488 B.R. 178, 184 (Bankr. D. Nev. 2013); *In re Johnson*, 361 B.R. 903, 910 (Bankr. D. Mont. 2007) ("The Court will not consider whether the trustee abandoned the assets as a result of mistake or inadvertence that may allow the Court to consider the elements of Fed. R. Bankr. P. Rule 9024, incorporating Fed. R. Civ. P. Rule 60(b)(1), as the motion to reopen and the motion for turnover have clearly been filed more than one year after Debtors' case was closed on June [] 27, 2003.").

Additionally, the Court notes that Trustee's abandonment of the Property was not a result of mistake or inadvertence. *See In re Bartels*, 449 B.R. 355 (Bankr. W.D. Wis. 2011); *Matter of Alt*, 39 B.R. 902 (Bankr. W.D. Wis. 1984) (both discussing mistake and inadvertence in the context of abandonment of property). Trustee has provided no evidence that he mistakenly calculated the estate's interest in the Property or that any other error caused the abandonment of the Property. Instead, the "mistake" alleged by Trustee is that he was unaware that he would receive an offer to purchase the property that appears to be disproportional to the value of the interest being purchased. If Trustee was not time-barred from pursuing the desired relief under Fed. R. Civ. P. Rule 60(b)(1), the circumstances identified by Trustee would not constitute the "mistake or inadvertence" contemplated by the provision.

Finally, the Court notes that the argument offered by Trustee under Fed. R. Civ. P. Rule 60(b)(6) is unclear and less than convincing. In the original motion, Trustee seems to assert that the estate, the buyer, and the Debtor would all benefit from a revocation of the abandonment. After Debtor opposed the motion, Trustee's appears to have switched his position, although the details of Trustee's new argument are less than clear. Trustee states that: "[h]ad the Trustee known before that Rudat or the proposed Buyer (Rudat's stepmother) were interested in purchasing the Property subject to existing liens, the Trustee would not have abandoned it." While this is undoubtedly an accurate statement, these circumstances do not warrant relief under Rule 60(b)(6). To hold otherwise would be to create an exception that swallows the rule, opening up the possibility of abuse in a variety of situations.

At the time of the abandonment of the Property, the Trustee had conducted an investigation of the Property and determined that the property was of inconsequential value to the estate. There is no indication that the evidence relied upon by Trustee at

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, January 03, 2018                    Hearing Room    303

11:00 AM
**CONT...**     **Charles Frederick Biehl**                                      **Chapter 7**

that time was materially inaccurate, and it appears that the Trustee's determination was correct. When a trustee makes a determination that an asset of the estate is of inconsequential value and abandons that assets, but later attempts to revoke the abandonment of the asset to allows for its administration, it is logically necessary that one of two things must be true: (1) the trustee's original determination that the asset was of inconsequential value must have been erroneous; or (2) the proposed buyer must be offering consequential value for an interest of inconsequential value. In the former situation, the trustee may potentially use Fed. R. Civ. P. Rule 60(b)(1). Trustee's position that the latter situation is covered by Fed. R. Civ. P. Rule 60(b)(6) would seem to create a situation where the Trustee could secure revocation of abandonment of an asset in virtually all situations. But, as noted earlier and acknowledged by Trustee, abandonment of an asset is final except in limited circumstances. *See generally* Ginsberg & Martin on Bankruptcy § 5.06[B][2] (5th ed. 2017) ("A trustee's abandonment is final and irrevocable unless based on fraud."). Because the position advanced by Trustee would appear to create an exception that swallows the rule, and because Trustee has not pointed to any exceptional circumstances that would warrant relief under Rule 60(b)(6), the Court is inclined to DENY the motion.

**TENTATIVE RULING**

The Court is inclined to DENY the motion.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

Charles Frederick Biehl                    Represented By
                                                              Daryl L Binkley - DISBARRED -
                                                             Steven L Bryson

**Movant(s):**

John P Pringle (TR)                       Represented By
                                                              James C Bastian Jr

# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Mark Houle, Presiding
### Courtroom 303 Calendar

**Wednesday, January 03, 2018**             **Hearing Room**    **303**

**11:00 AM**
**CONT...**     **Charles Frederick Biehl**                                          **Chapter 7**

                                        Elyza P Eshaghi
                                        Brandon J Iskander
                                        Lynda T Bui
                                        Leonard M Shulman

**Trustee(s):**

     John P Pringle (TR)                      Represented By
                                        James C Bastian Jr
                                        Elyza P Eshaghi
                                        Brandon J Iskander
                                        Lynda T Bui
                                        Leonard M Shulman